**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Parsons, | No. CV-22-8033-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial by the Social Security Administration ("SSA") of Plaintiff Donald Parsons's Application for Disability Insurance benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 15), Defendant SSA Commissioner's Answering Brief (Doc. 16), and Plaintiff's Reply (Doc. 17). The Court has reviewed the briefs and Administrative Record (Doc. 11) and reverses the Administrative Law Judge's ("ALJ") decision and remands this case for further proceedings.

**I.    BACKGROUND**

On May 15, 2018, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning February 1, 2018. Plaintiff's claim was denied initially on December 6, 2018, and on reconsideration was denied again on March 6, 2019. Plaintiff appeared before the ALJ for a hearing on his claim on September 20, 2020. On January

27, 2021, the ALJ denied Plaintiff's claim. (Doc. 11-3 at 15–29.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: mild neurocognitive disorder; remote mild traumatic brain injury, degenerative disc disease of the spine; headaches; pain disorder; and right hand carpal tunnel.

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled. The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 19.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff has the capacity to perform light work. The ALJ recognized some limitations as discussed in the decision. Accordingly, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 28.)

## II. LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. *See* 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ erroneously rejected the opinions from his primary care physician, Keith Keating, D.O.. Second, Plaintiff argues that the ALJ erred by discounting his symptom testimony.

#### A. Medical Opinions

Under the March 2017 regulations, the ALJ must assess each medical opinion based on its supportability and consistency with the evidence. *See* 20 C.F.R. § 404.1520c(b)(2).[1]

---

[1] Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R.§ 404.1520c(c)(1).

Consistency means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

"Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785,787 (9thCir. 2022).

Dr. Keating completed a Residual Functional Capacity Form in August 2020. (Doc. 11-9 at 35–39.) Dr. Keating reported having seen Plaintiff weekly since his motor vehicle accident to relieve pain. The record reflects the motor vehicle accident was in 2013. The doctor opined that Plaintiff could stand for 30 minutes before pain in ribs and back overwhelm him, could sit for not more than 2 hours, and walk only 100 feet without stopping. *Id.* Dr. Keating checked boxes reporting that Plaintiff could rarely reach up above his shoulders, reach down to waist level, reach down towards floor, carefully handle objects, and handle with fingers. *Id.* He also opined that Plaintiff could not lift and carry anything weighing more than 5 pounds. The ALJ found that Dr. Keating supported his opinion, but the opinion was not consistent with the record.

Plaintiff first argues the ALJ did not explain his statement that Dr. Keating's opinion "seems extreme." That is incorrect. Immediately after that statement, the ALJ provides four examples: (1) the doctor limited Plaintiff to lift/carry five pounds, yet Plaintiff has full strength on exam; (2) the doctor used only conservative treatments suggesting the conditions are not disabling; (3) Dr. Keating described disabling headaches from the motor vehicle accident, but Plaintiff resumed work after the accident; and (4) Dr. Keating's description of Plaintiff's RFC is inconsistent with Plaintiff's part time work activity. Plaintiff then challenges each of these examples. Plaintiff argues that the ALJ does not cite to anything in the record to show Plaintiff has full strength on exam. While it is true that the record is not cited in this particular paragraph, there are other areas in the decision where the ALJ describes Plaintiff's strength as normal on exam and cites to the record. (*See, e.g.*, Exhibit 4F, 5F.) Next, Plaintiff argues error because the ALJ stated Dr. Keating was not a specialist and disregarded the ongoing treating relationship with him. However,

---

administrative medical finding(s) will be.  20 C.F.R.§ 404.1520c(c)(2).

the ALJ did not discount Dr. Keating's opinion because he was not a specialist. In the context of the entire statement, the ALJ was pointing out that with such extreme limitations, Dr. Keating never sent Plaintiff to a specialist or engaged in anything other than conservative treatments. Plaintiff challenges the ALJ's opinion that Dr. Keating's description of Plaintiff's RFC was inconsistent with Plaintiff's part time work. Plaintiff argues that his part time work consisted of only two days a week for 3 hours for a total of 6 hours per week. The Commissioner argues that from February 2018 to early 2019, Plaintiff was working more than that, which shows the inconsistency. The Court agrees with the Commissioner that almost any work is inconsistent with an opinion that says a person can only stand for 30 minutes at a time or sit for 2 hours at a time before being overcome by pain. After a review of the entire record, the Court finds no error in discounting Dr. Keatings' opinion.

### B. Symptom Testimony

Plaintiff testified, in part, that he had back and rib pain, daily headaches, balance problems and trouble sleeping because of pain. Plaintiff completed a written statement in October 2018. He wrote that he had headaches, problems with sleep and "equilibrium," back and neck pain. He wrote that he could do small things around the house with many breaks. The ALJ rejected Plaintiff's symptom testimony because it was inconsistent with the objective medical evidence and the conservative treatments used.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273,

1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Here, substantial evidence supports the ALJ's characterization of the evidence. Plaintiff treated with relatively mild medications, he went in for weekly manipulations, and had steroid injections every 2 to 3 months. All treatments were conservative and inconsistent with someone who cannot stand for more than 30 minutes or only do small things around the house. Conservative treatment is a valid reason to discount reports of disabling pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Metcalf v. Comm'r of Soc. Sec. Admin.*, 592 F. Supp. 3d 857, 867 (D. Ariz. 2022). However, in *Tommasetti* and *Metcalf*, there was evidence in the record that alternate treatments were recommended. The Court is not aware of any evidence in this case that alternate treatments were suggested. Therefore, the Court finds error.

The only remaining reason provided by the ALJ for rejecting Plaintiff's symptom testimony is its inconsistency with the objective medical evidence. Plaintiff argues that the ALJ relies on a discussion about the objective medical evidence but never provides a link to which testimony is inconsistent. The Court agrees. However, this reason, by itself, is an insufficient basis for rejecting a claimant's symptom testimony. *See Burch*, 400 F.3d at 682. Because the ALJ did not provide another valid reason for rejecting Plaintiff's symptom testimony, his reliance on the objective medical evidence stands alone, and thus, is insufficient.

In sum, the ALJ erred by rejecting Plaintiff's symptom testimony. The ALJ did not provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's allegations. Substantial evidence does not support the ALJ's reliance on Plaintiff's activities of daily living as a basis to reject Plaintiff's testimony. And because the ALJ's lone remaining reason for rejecting the testimony—its purported inconsistency

with the objective medical evidence—is insufficient by itself, the ALJ erred.

**C.      The appropriate remedy is to remand Plaintiff's case for further administrative proceedings.**

Plaintiff argues the improperly rejected opinions and symptom testimony establish functional limitations that are inconsistent with sustained work.  (Doc. 15 at 25.)  Consequently, Plaintiff argues his case should be remanded for computation and award of benefits rather than a new hearing.  (*Id.*)  The Court disagrees.

The credit-as-true rule applies if each part of a three-part test is satisfied.  *See Garrison*, 759 F.3d at 1020.  First, the record must have been fully developed and further administrative proceedings would serve no useful purpose.  *Id.*  Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions.  *Id.*  Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled.  *Id.*  Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Though the ALJ erroneously rejected symptom testimony, the Court finds that further proceedings would be useful for the ALJ to properly consider the symptom testimony prior to formulating Plaintiff's RFC.  Further, even if all elements of the credit-as-true rule were satisfied, the record as a whole—most evidently, the objective medical evidence—creates serious doubt as to whether Plaintiff is in fact disabled.  Therefore, remand for further proceedings is the proper remedy.

**IV.    CONCLUSION**

Substantial evidence does not support the ALJ's nondisability determination.  The ALJ committed reversible error by improperly discounting Plaintiff's symptom testimony.

**IT IS THEREFORE ORDERED** reversing the January 27, 2021 decision of the ALJ.  (Doc. 11-3 at 15–29.)

1    **IT IS FURTHER ORDERED** remanding this matter for further proceedings
2 consistent with this Order.

3    **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment
4 consistent with this Order and close this case.

5    Dated this 28th day of March, 2023.

Honorable Susan M. Brnovich
United States District Judge